## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

Case No. _____

| | |
|---|---|
| ANNETTE ELDRIDGE, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>AMERICAN FREIGHT INC.,<br><br>     Defendant. | <u>CLASS ACTION</u><br><br>(JURY TRIAL DEMANDED) |

## CLASS ACTION COMPLAINT

Plaintiff Annette Eldridge, individually and on behalf of all others similarly situated, complains and alleges as follows based on personal knowledge as to herself, on the investigation of her counsel, and on information and belief as to all other matters.  Plaintiff believes that substantial evidentiary support exists for the allegations set forth in this complaint, and that a reasonable opportunity for discovery will reveal such evidence.

### NATURE OF ACTION

1.     Plaintiff brings this Class Action Complaint for legal and equitable remedies resulting from the illegal actions of American Freight Inc. ("Defendant") in sending automated text message advertisements to her cellular telephone and the cellular telephones of numerous other individuals across the country, in clear violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

### JURISDICTION AND VENUE

2.     The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

3.     Personal jurisdiction and venue are proper because Plaintiff resides in this District, because Defendant directed the subject text messages into this District, and because Plaintiff

received Defendant's text messages in this District, such that the claims alleged herein arose in substantial part in this District.

## PARTIES

4.      Plaintiff is an individual and a "person" as defined by 47 U.S.C. § 153(39).  Plaintiff is, and at all times mentioned herein was, a citizen of Florida and a resident of this District.

5.      Defendant American Freight Inc. is the owner and operator of a chain of furniture and mattress stores where it sells sofas, recliners, tables, beds, casual and formal dining, pub and bar sets, table lamps, and chairs to consumers.  Defendant is organized and incorporated under the laws of Ohio and maintains, and at all times mentioned herein maintained, its corporate headquarters in Delaware, Ohio.  Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

6.      In 1991, faced with a national outcry over the volume of robocalls being received by American consumers, Congress enacted the TCPA to address certain abuse telecommunications practices.

7.      The TCPA prohibits, *inter alia*, making any telephone call to a cellular telephone using a "prerecorded or artificial voice" or an "automatic telephone dialing system" ("ATDS" or "autodialer") absent an emergency purpose or the "express consent" of the party called. The TCPA further provides that any text message constituting an "advertisement" or "telemarketing" message within the meaning of the TCPA requires the sender to acquire the recipient's "prior express written consent" before initiating such a message via an autodialer.

8.      According to findings by the Federal Communication Commission ("FCC"), which is vested with authority to issue regulations implementing the TCPA, autodialed calls and text messages are prohibited because receiving them is a greater nuisance and more invasive than receiving live or manually dialed telephone solicitations.  The FCC also recognized that wireless customers are charged for such incoming calls and texts whether they pay in advance or after the minutes are used.  Moreover, because cellular telephones are carried on their owners' persons,

unsolicited calls and texts transmitted to such devices via an autodialer are distracting and aggravating to their recipients and intrude upon their recipients' seclusion.

9.      To state a cause of action for violation of the TCPA, a plaintiff need only set forth allegations demonstrating that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

10.     Plaintiff was at all times mentioned herein the subscriber or customary user of the cellular telephone number (321) ***-5609 (the "5609 Number").  The 5609 Number is, and at all times mentioned herein was, assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

11.     The 5609 Number is, and at all times since June 1, 2007 has been, registered with the National Do-Not-Call Registry.

12.     During the preceeding four years, Defendant transmitted, by itself or through an intermediary or intermediaries, multiple text messages to Plaintiff's 5609 Number and more than one text message (identical to or substantially the same as those received by Plaintiff) to each member of the putative ATDS Class. All of the subject text messages sent to Plaintiff and the members of the putative ATDS Class constituted "advertisements" or "telemarketing" messages within the meaning of the TCPA and its implementing regulations because each such message was aimed at promoting the commercial availability of Defendant's products and services and was sent for the purpose of ultimately selling such products and services to Plaintiff and the ATDS Class members for commercial profit.

13.     All of the subject text messages received by Plaintiff and the members of the putative ATDS Class were transmitted by or on behalf of Defendant without the requisite prior "express written consent" of Plaintiff or any member of the putative ATDS Class.

14.     During the preceeding four years, Defendant transmitted, by itself or through an intermediary or intermediaries, more than one text message to Plaintiff's 5609 Number and more

than one text message (identical to or substantially the same as those received by Plaintiff) to each member of the putative DNC Class within a 12-month period of time, and at a time in which Plaintiff and each member of the proposed DNC Class had been registered on the National Do-Not-Call Registry for over 30 days. All such text messages sent to Plaintiff and the members of the putative DNC Class constituted "telemarketing" text messages or text message "solicitations" within the meaning of the TCPA and its implementing regulations because each such message was aimed at promoting the commercial availability of Defendant's products and services and was sent for the purpose of ultimately selling such products and services to Plaintiff and the DNC Class members for commercial profit.

15.     All of the subject text messages received by Plaintiff and the members of the putative DNC Class were transmitted by or on behalf of Defendant without the requisite prior "written consent" of Plaintiff or any member of the putative DNC Class, and without an "established business relationship" with Plaintiff or any member of the putative DNC Class.

16.     For example, in January 2020, Defendant transmitted or caused to be transmitted, by itself or through an intermediary or intermediaries, and without Plaintiff's prior "written consent," express or otherwise, and without having an "established business relationship" with Plaintiff, a text message to the 5609 Number that stated as follows:

> American Freight: Deals too good to pass on! Uprgade with our 3- and 5-piece bedroom sets from $198. Find store here: https://amfreight.attn.tv/l/CC2/vfAj5

The link in the above-depicted text message redirected to a website operated and maintained by or on behalf of Defendant, where Defendant sells its products and services to consumers for commercial profit.

17.     Also in January 2020, shortly before Plaintiff received the text message depicted in the foregoing paragraph, Defendant transmitted or caused to be transmitted, by itself or through an intermediary or intermediaries, and without Plaintiff's prior "written consent," express or otherwise, and without having an "established business relationship" with Plaintiff, a text message to the 5609 Number that stated in pertinent part as follows:

Living Room Package from $398! Visit your store to get building today https://amfreight.attn.tv/l/BaN/vfAj5

18.     During the past four years, and including during a 12-month period of time and more than 30 days after Plaintiff's 5609 Number was registered with the National Do-Not-Call Registry, Defendant has transmitted or caused to be transmitted, by itself or through an intermediary or intermediaries, numerous additional text message "advertisements", "telemarketing" text messages, and text message "solicitations" to Plaintiff's 5609 Number, all without Plaintiff's prior "written consent," express or otherwise, and without having an "established business relationship" with Plaintiff.

19.     Each unsolicited text message sent by or on behalf of Defendant to Plaintiff's 5609 Number and to the numbers of the unnamed members of the Classes originated from the telephone number 50813, which is a dedicated SMS short code leased or owned by or on behalf of Defendant that Defendant uses to transmit "telemarketing", "advertising", and "solicitation" text messages to consumers *en masse*, in an automated fashion and without human intervention.

20.     The unsolicited text messages sent by or on behalf of Defendant to Plaintiff's 5609 Number and to the numbers of the unnamed members of the Classes lacked a mechanism for the recipient to opt out of receiving future telemarketing messages from Defendant.

21.     Because Plaintiff's cellular phone alerts her whenever she receives a text message, each unsolicited text message transmitted by or on behalf of Defendant to Plaintiff's 5609 Number invaded Plaintiff's privacy and intruded upon Plaintiff's seclusion upon receipt.

22.     All telephone contact by Defendant or affiliates, subsidiaries, or agents of Defendant to Plaintiff's 5609 Number and to the numbers belonging to the unnamed ATDS Class members occurred using an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(b)(1)(A). Specifically, Defendant utilized an "automatic telephone dialing system" because all such text messages were sent from a dedicated SMS short code used for the exclusive purpose of transmitting text messages to consumers *en masse*; because the subject text messages contained the same or substantially the same generic, pro forma content; because the dialing equipment

utilized by or on behalf of Defendant to send such messages includes features substantially similar to a predictive dialer, inasmuch as it is capable of making or initiating numerous calls or texts simultaneously (all without human intervention); and because the hardware and software used by or on behalf of Defendant to make or initiate such messages have the capacity to store, produce, and dial random or sequential numbers in an automated fashion without human intervention.

23.     And indeed, Defendant actually transmitted the text messages at issue in this case to Plaintiff and all other putative ATDS Class members in an automated fashion and without human intervention, with hardware and software that have the capacity to store, produce, and dial random or sequential numbers.

24.     Neither Plaintiff, nor any other member of the putative ATDS Class, provided their prior "express written consent" to Defendant to transmit the subject text message advertisements or telemarketing messages to the 5609 Number or to the cellular telephone number of any ATDS Class member by means of an "automatic telephone dialing system" within the meaning of 47 U.S.C. § 227(b)(1)(A).

25.     Plaintiff and each DNC List Class member had registered their respective cellular telephone number with the national Do-Not-Call Registry more than 30 days prior to receiving multiple telemarketing or solicitation text messages from Defendant within a 12-month period, and neither Plaintiff, nor any other member of the putative DNC Class, provided their prior "written consent" (express or otherwise) to, or had an "established business relationship" with, Defendant prior to receiving such text messages.

26.     None of Defendant's text messages to the 5609 Number or to the cellular telephone number of any member of either of the putative Classes was sent for an emergency purpose.

## CLASS ALLEGATIONS

27.     "ATDS Class" Definition. Plaintiff brings this civil class action on behalf of herself individually and on behalf of all other similarly situated persons as a class action pursuant to Federal Rule of Civil Procedure 23.  The "ATDS Class" which Plaintiff seeks to represent is comprised of and defined as follows:

> All persons in the United States who, at any time between the four years preceding the filing of this action and the present:
>
> (1) subscribed to a cellular telephone service;
>
> (2) received, at the telephone number assigned to such service, more than one text message sent by or on behalf of Defendant from the short-code number 50813; and
>
> (3) for whom Defendant lacks any record establishing the person's provision of "express written consent" to receive such message(s) prior to the initiation of such message(s).

28.     <u>"DNC Class" Definition</u>. Additionally, Plaintiff brings this civil class action on behalf of herself individually and on behalf of all other similarly situated persons as a class action pursuant to Federal Rule of Civil Procedure 23.  The "DNC Class" which Plaintiff seeks to represent is comprised of and defined as follows:

> All persons in the United States who, at any time between the four years preceding the filing of this action and the present:
>
> (1) subscribed to a cellular telephone service;
>
> (2) received, at the telephone number assigned to such service, and in a 12-month period of time and more than 30 days after registering such number on the National Do-Not-Call Registry, more than one text message promoting Defendant's goods or services sent by or on behalf of Defendant from the short-code number 50813; and
>
> (3) for whom Defendant lacks any record establishing (a) an "established business relationship" with such person prior to the initiation of such messages; or (b) such person's provision of "written consent" to receive such messages prior to the initiation of such messages.

29.     The "ATDS Class" and the "DNC Class" are at times referred to herein collectively as the "Classes."

30.     Excluded from the Classes are Defendant, its officers and directors, members of the immediate families of the foregoing, legal representatives, heirs, successors, or assigns of the foregoing, and any entity in which Defendant has a controlling interest.

31.     Plaintiff reserves the right to modify the definition of the Classes (or add one or more subclasses) after further discovery.

32.     Plaintiff and all members of the Classes have been impacted and harmed by the acts of Defendant or its affiliates, agents, or subsidiaries acting on its behalf.

33.     This Class Action Complaint seeks injunctive relief and monetary damages.

34.     Defendant or any affiliates, subsidiaries, or agents of Defendant have acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate.  Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

35.     This action may properly be brought and maintained as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b).  This class action satisfies the numerosity, typicality, adequacy, commonality, predominance, and superiority requirements as to each of the proposed Classes.

36.     On application by Plaintiff's counsel for class certification, Plaintiff may also seek certification of subclasses in the interests of manageability, justice, or judicial economy.

37.     <u>Numerosity</u>.  The number of persons within each of the Classes is substantial, believed to amount to thousands of persons dispersed throughout the United States.  It is, therefore, impractical to join each member of the Classes as a named plaintiff.  Further, the size and relatively modest value of the claims of the individual members of the Classes renders joinder impractical.  Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation.

38.     <u>Typicality</u>.  Plaintiff received more than one text message promoting goods or services from Defendant that originated from the telephone number 50813, and Defendant lacks any record establishing Plaintiff's prior "express written consent" to receive any such messages within the meaning of the TCPA.  Likewise, Plaintiff received more than one text message promoting goods or services from Defendant that originated from the telephone number 50813, within a 12-month period and more than 30 days after registering the 5609 Number on the National Do-Not-Call Registry.  Consequently, the claims of Plaintiff are typical of the claims of the

members of the Classes, and Plaintiff's interests are consistent with and not antagonistic to those of the other members of the Classes she seeks to represent. Plaintiff and all members of the Classes have been impacted by, and face continuing harm arising out of, Defendant's TCPA-violative misconduct as alleged herein.

39. <u>Adequacy</u>. As the proposed representative of the Classes, Plaintiff has no interests adverse to or which conflict with the interests of the absent members of the Classes, and she is able to fairly and adequately represent and protect the interests of such Classes. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Classes and will vigorously pursue these claims. If necessary as the litigation (including discovery) progresses, Plaintiff may seek leave to amend this Class Action Complaint to modify the definition of the Classes set forth above, add additional representatives of the Classes, or assert additional claims on behalf of the Classes.

40. <u>Competency of Class Counsel</u>. Plaintiff has retained and is represented by experienced, qualified, and competent counsel committed to prosecuting this action. Plaintiff's counsel are experienced in handling complex class action claims, including in particular claims brought under the TCPA (as well as other consumer protection and data-privacy statutes).

41. <u>Commonality and Predominance</u>. There are well-defined common questions of fact and law that exist as to all members of the Classes and predominate over any questions affecting only individual members of the Classes. These common legal and factual questions, which do not vary from Class member to Class member and may be determined without reference to the individual circumstances of any member of the Classes, include (but are not limited to) the following:

   a) Whether Defendant or affiliates, subsidiaries, or agents of Defendant sent text message "advertisements" or "telemarketing" or "solicitation" messages to Plaintiff's 5609 Number and the numbers of the unnamed members of the Classes;

b) Whether the text messages sent to the 5609 Number and the ATDS Class members' cellular telephone numbers were sent using an "automatic telephone dialing system";

c) Whether Defendant can meet its burden to show that it obtained prior "express written consent" within the meaning of the TCPA to transmit the subject text messages to her or the unnamed members of the ATDS Class, assuming such an affirmative defense is timely raised;

d) Whether Defendant or affiliates, subsidiaries, or agents of Defendant transmitted, within a 12-month period, more than one "telemarketing" or "solicitation" text message to the cellular telephones of Plaintiff and unnamed DNC Class members despite such numbers having been registered for more than 30 days on the National Do-Not-Call Registry;

e) Whether Defendant can meet its burden to show that it obtained prior "written consent" of, or that it had an "established business relationship" with, any member of the DNC Class within the meaning of the TCPA to transmit the subject text messages to her or the unnamed members of the DNC Class, assuming such an affirmative defense is timely raised; and

f) Whether Defendant or any affiliates, subsidiaries, or agents of Defendant should be enjoined from engaging in such conduct in the future.

42. <u>Superiority.</u> A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the prosecution of individual litigation on behalf of each member of each of the Classes is impracticable. Even if every member of the Classes could afford to pursue individual litigation, the court system could not; multiple trials of the same factual issues would magnify the delay and expense to all parties and the court system. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources

of the parties and the court system and protects the rights of each member of the Classes.  Plaintiff anticipates no difficulty in the management of this action as a class action.  Class wide relief is essential to compel compliance with the TCPA and thus protect consumers' privacy.  The interests of the members of the Classes in individually controlling the prosecution of separate claims is small because the statutory damages recoverable in an individual action for violation of the TCPA are likewise relatively small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class actions because the text messages at issue are all automated and because Defendant lacks any record reflecting that it obtained the requisite consent from any member of the Classes to be sent such messages. Members of the Classes can be readily located and notified of this class action by reference to Defendant's records and, if necessary, the records of Defendant's affiliates, agents, or subsidiaries and cellular telephone providers.

43.     Additionally, the prosecution of separate actions by individual members of the Classes would create a risk of multiple adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Classes who are not parties to such adjudications, thereby substantially impairing or impeding the ability of such nonparty members of the Classes to protect their interests.  The prosecution of individual actions by members of the Classes could also establish inconsistent results and/or establish incompatible standards of conduct for Defendant.

### FIRST CLAIM FOR RELIEF
**VIOLATION OF THE TELEPHONECONSUMER PROTECTION ACT,
47 U.S.C. § 227(B)(3) & 47 U.S.C. § 227(B)(1)(A)
(By Plaintiff Individually and on Behalf of Members of the ATDS Class)**

44.     Plaintiff incorporates by reference the foregoing paragraphs of this Class Action Complaint as if fully stated herein.

45.     Plaintiff and each member of the ATDS Class received, at a number assigned to cellular telephone service, more than one text message sent by or on behalf of Defendant during the class period.   All such messages sent to Plaintiff and the members of the proposed ATDS Class promoted the sale of Defendant's goods or services or the commercial availability of goods

or services sold by Defendant; consequently, all such messages constituted "advertising" or "telemarketing" material within the meaning of the TCPA and its implementing regulations. Additionally, all such messages were sent via the same dialing technology, which qualified as an ATDS within the meaning of the TCPA, as evidenced by the generic nature of the text messages, the use of a dedicated telephone number to transmit each such message, and the capacities, capabilities, and features of the dialing technology at issue, as alleged above.

46.     Neither Plaintiff nor any other member of the ATDS Class provided Defendant his or her prior "express written consent" within the meaning of the TCPA to receive the autodialed text message advertisements at issue in this case.

47.     Defendant's use of an ATDS to transmit the subject text message advertisements to telephone numbers assigned to a cellular telephone service, including to Plaintiff's 5609 Number and the numbers of all members of the proposed ATDS Class, absent the requisite prior "express written consent," as set forth above, constituted violations of the TCPA by Defendant, including but not limited to violations of 47 U.S.C. § 227(b)(1)(A)(iii).

48.     Plaintiff and all ATDS Class members are entitled to, and do seek, an award of $500.00 in statutory damages for each such violation of the TCPA committed by or on behalf of Defendant (or $1,500.00 for any such violations committed willfully or knowingly) pursuant to 47 U.S.C. § 227(b)(3).

49.     Plaintiff, individually and on behalf of the putative ATDS Class, seeks an award of attorneys' fees and costs to Plaintiff's counsel pursuant to Federal Rule of Civil Procedure 23.

<u>**SECOND CLAIM FOR RELIEF**</u>
**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT,**
**47 U.S.C. § 227(C)(5) & 47 C.F.R. § 64.1200(C)(2)**
**(By Plaintiff Individually and on Behalf of Members of the DNC Class)**

50.     Plaintiff incorporates by reference the foregoing paragraphs of this Class Action Complaint as if fully stated herein.

51.     Plaintiff and each member of the DNC Class received, at a number assigned to cellular telephone service, more than one text message sent by or on behalf of Defendant during

the class period, within a 12-month period and more than 30 days after registering their cellular telephone number on the National Do-Not-Call Registry. All such messages sent to Plaintiff and the members of the proposed DNC Class promoted the sale of Defendant's goods or services or the commercial availability of goods or services sold by Defendant; consequently, all such messages constituted "solicitations" or "telemarketing" material within the meaning of the DNC and its implementing regulations.

52. Neither Plaintiff nor any other member of the DNC Class provided Defendant his or her prior "written consent" within the meaning of the TCPA to receive the text messages at issue in this case, and neither Plaintiff nor any other member of the DNC Class had an "established business relationship" with Defendant prior to receiving such messages.

53. Defendant's transmission of more than one text message solicitation within any 12-month period to Plaintiff's 9785 Number and to each DNC Class member's cellular telephone number, as set forth above, constituted violations of the TCPA by Defendant, including but not limited to violations of 47 U.S.C. § 227(c)(5) and the implementing regulations promulgated thereunder at 47 C.F.R. § 64.1200(c)-(e), including but not limited to 47 C.F.R. § 64.1200(c)(2) and 47 C.F.R. § 64.1200(e).

54. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), and the implementing regulations promulgated thereunder at 47 C.F.R. § 64.1200(c)-(e), including but not limited to 47 C.F.R. § 64.1200(c)(2) and 47 C.F.R. § 64.1200(e), Plaintiff and all DNC Class members are entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA in the future pursuant to 47 U.S.C. § 227(c)(5)(A).

55. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), and the implementing regulations promulgated thereunder at 47 C.F.R. § 64.1200(c)-(e), including but not limited to 47 C.F.R. § 64.1200(c)(2) and 47 C.F.R. § 64.1200(e), Plaintiff and all DNC Class members are also entitled to, and do seek, an award of statutory damages of up to $500.00 (or up to $1,500.00 for any willful or knowing violations) for each such violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(B).

56.     Plaintiff, individually and on behalf of the putative DNC Class, seeks an award of attorneys' fees and costs to Plaintiff's counsel pursuant to Federal Rule of Civil Procedure 23.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Annette Eldridge prays for relief and judgment in favor of herself and the Classes as follows:

A.     Statutory damages of $500.00 (or $1,500.00 for any willful or knowing violations) for Plaintiff and each member of the ATDS Class for each of Defendant's violations of 47 U.S.C. § 227(b)(1)(A) pursuant to 47 U.S.C. § 227(b)(3);

B.     Statutory damages of $500.00 (or up to $1,500.00 for any willful or knowing violations) for Plaintiff and each member of the DNC Class for each of Defendant's violations of 47 U.S.C. § 227(c)(5), and the implementing regulations promulgated thereunder at 47 C.F.R. § 64.1200(c)-(e), including but not limited to 47 C.F.R. § 64.1200(c)(2) and 47 C.F.R. § 64.1200(e), pursuant to 47 U.S.C. § 227(c)(5)(B);

C.     Injunctive relief prohibiting such violations of the TCPA in the future pursuant to 47 U.S.C. § 227(b)(3)(A) and 47 U.S.C. § 227(c)(5)(A);

D.     An Order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate Classes and any Subclass(es) the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the attorneys representing Plaintiff as counsel for the Classes; and

E.     An award of attorneys' fees and costs to Plaintiff's counsel, payable from any class-wide damages recovered by the Classes, pursuant to Federal Rule of Civil Procedure 23.

## DEMAND FOR JURY TRIAL

On behalf of herself and the members of the Classes, Plaintiff demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims and issues so triable.

Dated:  February 24, 2020                    **HEDIN HALL LLP**

                                             By:   _/s/ Frank S. Hedin_____
                                                   Frank S. Hedin

FRANK S. HEDIN (Bar No. 291289)
HEDIN HALL LLP
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
Email: fhedin@hedinhall.com

SCOTT A. BURSOR (Bar No. 68362)
BURSOR & FISHER, P.A.
2665 S. Bayshore Dr., Suite 220
Miami, Florida 33133
Telephone: (305) 330-5512
Email: scott@bursor.com

*Counsel for Plaintiff and the Putative Classes*